IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------
DAMETRESE RANSAW,

                      Plaintiff,

    -vs-

UNITED STATES OF AMERICA,

                      Defendant.
------------------------------------------------

: CASE NO. 1:10 CV 01672
:
: MEMORANDUM OPINION AND
: ORDER

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is a motion to stay all discovery filed by defendant the United States of America. (Doc. 18). The plaintiff Damatrese Ransaw has responded, and the defendant has replied. (Doc. 19; Doc. 20). For the following reasons, the motion will be granted.

**I. Background**

This Federal Tort Claims Act suit against the United States of America relates to Mr. Ransaw's pending civil rights complaint against a number of federal, state, and local officials. (See Ransaw v. Lucas, 1:09-cv-2332, hereinafter "Ransaw I").

The Ransaw I complaint was filed 7 October 2009. It alleges that the plaintiff was arrested, indicted, and incarcerated for over two years for drug offenses that were based on evidence fabricated by a confidential informant. The informant's actions were allegedly taken at the direction of the defendants. The defendants also allegedly

fabricated other evidence that implicated the plaintiff, and they withheld evidence that would have exonerated him. Mr. Ransaw maintains his federal constutional rights were violated, and he presents additional claims under state law.

On 18 May 2010, the case management conference for Ransaw I was held. The defendants argued that all discovery should be stayed, since they intended to file for dismissal/summary judgment on immunity grounds. (See Ransaw I, Doc. 37). The discovery question was put on hold, and the Court denied Mr. Ransaw's motion for leave to begin discovery. (See Ransaw I, Doc. 41 and 6 July 2010 non-document order). No discovery timetable was established. The defendants' motions for dismissal/summary judgment on immunity grounds are currently pending on referral to the magistrate judge.

On 30 July 2010, Mr. Ransaw filed the present suit, Ransaw II, a Federal Tort Claims Act complaint against the United States. (Doc. 1). While the cause of action and parties differ from the the first suit, the factual basis for the second complaint appears to be identical. The Ransaw II complaint essentially alleges, similar to the first, that agents of the United States -- which include Lee Lucas, Robert Cross, Charles Metcalf, and Jamaal Ansari, all named defendants in Ransaw I -- falsely implicated Mr. Ransaw in a drug ring based on evidence concocted by the same confidential informant.

During a status conference on 23 February 2011, Mr. Ransaw argued that discovery should be allowed to proceed in the present case, Ransaw II. The United States maintained that discovery should not begin until the qualified immunity issue was resolved in Ransaw I. In response to the Court's request for briefing, the United States

filed the present motion to stay discovery.

**II. Discussion**

In its motion, the United States argues that allowing discovery here would undermine the purpose of qualified immunity as it relates to <u>Ransaw I</u>. The United States maintains that the <u>Ransaw I</u> defendants, though technically witnesses in the present case, would be saddled with the same burdens of discovery that their assertion of qualified immunity allowed them to avoid in the first filed case.

Mr. Ransaw has opposed the motion and maintains that no case law supports the idea of a "transferred witness immunity." Mr. Ransaw further argues that allowing discovery to proceed in this case will actually minimize the burden placed on the witnesses, because the depositions sought will relate to and resolve issues in the earlier filed case. Further, he states that the proposed witnesses in this case would not face the same burdens of discovery that they would as defendants, because they would not be required to file Rule 26 disclosures, answer interrogatories, or respond to requests for admission.

District courts have the inherent power to manage and control their own docket. <u>See ACLU of Ky. v. McCreary County</u>, 607 F.3d 439, 451 (6th Cir. 2010). "Matters of docket control and conduct of discovery are committed to the sound discretion of the district court." <u>In re Air Crash Disaster</u>, 86 F.3d 498, 516 (6th Cir. 1996). Further, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." <u>Bangas v. Potter</u>, 145 Fed. Appx. 139, 141 (6th Cir. 2005)

The Court concludes, in its discretion, that requiring the <u>Ransaw I</u> defendants to

3

sit for depositions in the present case would allow the plaintiff to circumvent their assertion of qualified immunity in Ransaw I. The doctrine of qualified immunity is premised on the theory that, where appropriate, it can eliminate the burdens of discovery on public officials. Crawford v. Britton, 523 U.S. 574, 597, 598 (1998). When a defendant motions for dismissal on grounds of qualified immunity, the Court must not only determine that issue at the earliest possible moment, but also stay discovery while the motion is pending. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Lavado v. Keohane, 992 F.2d 601 (6th Cir. 1993). Motions on the question of qualified immunity are unresolved in Ransaw I, and no discovery timetable has been established in that case. Therefore, if the Court were to allow discovery to proceed in the present case, the benefit of the immunity doctrine would be lost in Ransaw I. The Ransaw I defendants would be called upon to answer questions regarding the very same subject matter at issue in the earlier filed case. Although the burdens of discovery as to the Ransaw I defendants may not be so heavy in this instance, since here they are witnesses and not defendants, it would nonetheless, given Ransaw I's procedural posture, result in a burden that the qualified immunity doctrine was designed to avoid.

Further, if it turns out that the Ransaw I defendants are not entitled to qualified immunity, discovery for both cases may proceed more efficiently since it may be conducted simultaneously. The Court is not convinced by Mr. Ransaw's argument that allowing depositions in the present case would somehow make the discovery process more efficient and less burdensome in Ransaw I. It is not certain that the Ransaw I defendants would not be called back for additional depositions, if the qualified immunity question were later resolved against them. And, to be clear, the Court is only granting a

4

stay of discovery, pending the outcome of the qualified immunity issue in Ransaw I. This does not amount to a holding that the Ransaw I defendants are immune from being deposed in the present case, as Mr. Ransaw seems to fear.

### III. Conclusion

The defendant's motion to stay all discovery is granted, pending the resolution of the qualified immunity question in the related case entitled Ransaw v. Lucas, 09-cv-2332.

IT IS SO ORDERED.

/s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 5 May 2011